THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff  Paige E. Devlin

---

**PAIGE E. DEVLIN,**                          UNITED STATES DISTRICT COURT
                                              DISTRICT COURT OF NEW JERSEY
                                              TRENTON

    Plaintiff

    **vs.**                          Civil Action No.:      ( - )

**LACEY TOWNSHIP;**
**PATROLMAN NOAH SCHAFFER,**
**PATROLMAN DIMITRIOS TSARNAS,**
**PATROLMAN ANDREW SLOTA,**
and **JOHN DOES 1-5** (fictitious individuals),      **COMPLAINT**
members of the Lacey Township Police
Department; **MICHAEL DiBELLA,** Chief
of Police; **JOHN DOES 6-10** (fictitious individuals),
Personnel of the Lacey Township
Police Department in supervisory
capacities;

    Defendants.

---

## JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Paige E. Devlin residing at 317 Eleanor Road, Forked River, NJ, 08731, Ocean County, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Lacey Township Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of Lacey Township and were acting under the color of law.

4. Defendants Chief of Police Michael DiBella and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Lacey Township Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of Lacey Township and were acting under the color of law.

5. Defendants Chief of Police Michael DiBella and/or John Does 6-10 were acting in supervisory capacities over Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 and responsible by law for the training, supervision and conduct of Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5.

6. Defendant Lacey Township is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Lacey Township employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Michael DiBella; Noah Schaffer; Dimitrios Tsarnas; Andrew Slota,and/or John Does 1-10.

8.  All Defendants are named in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1.  On October 3, 2018, Plaintiff  Paige Devlin got into an argument with her boyfriend.

2.  Plaintiff's boyfriend left their residence and Plaintiff followed him to try to resolve the argument.

3.  Plaintiff's boyfriend parked at Lacey Township police headquarters and Plaintiff followed him inside.

4. Plaintiff's boyfriend asked police to hold Plaintiff so that he could leave without being followed by her.

5. Defendants Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 1-5 came out into the police station lobby and asked Plaintiff and her boyfriend what had happened and to come inside the station to talk.

6.  Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 told Plaintiff's boyfriend that they could not hold Plaintiff unless he pressed charges against her.

7.  Plaintiff's boyfriend decided that he did not want to press charges and he and Plaintiff walked out of the police station.

8. Defendants followed them and one of the officers yelled at Plaintiff to stop.

9.  Plaintiff walked over to her boyfriend and asked where her dog was because it had gone missing during the course of their argument.

10.  Defendant Schaffer asked Plaintiff to come inside the police station again.

11.  Plaintiff agreed and walked into the lobby.

12. Plaintiff asked if she was being arrested and when Defendant Schaffer did not respond, she decided to leave and turned around.

13. Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 then used excessive and unreasonable force on her person.

14. Specifically, Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 choked Plaintiff and threw her into the wall, striking her back. Defendants then turned Plaintiff around and threw her into the wall a second time, striking her head. Defendants then handcuffed Plaintiff and threw her into the wall a third time, striking her head and shoulder.

15. Defendants charged Plaintiff with Resisting Arrest and Harassment.

16. The charges against Plaintiff were resolved by way of her pleading to a local ordinance in Municipal Court.

### COUNT ONE
### SECTION 1983 USE OF EXCESSIVE FORCE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of her right to be secure in her person against unreasonable seizure of her person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which

cannot yet be determined.

4. By reason of the excessive and unreasonable force used on Plaintiff's person, Plaintiff was injured and was deprived of her constitutional rights as described above.

**WHEREFORE**, Plaintiff Paige E. Devlin demands judgment against Defendants Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## COUNT TWO
## SECTION 1983 FAILURE TO INTERVENE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 were Lacey Township Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Schaffer; Tsarnas; Slota John Does 1-5 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5.

4. The unjustified assault and arrest of Plaintiff by Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 deprived Plaintiff of her right to be secure in her person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Paige E. Devlin demands judgment against Defendants Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

**COUNT THREE**
**SECTION 1983 SUPERVISORY LIABILITY**

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants DiBella and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3. Defendants DiBella and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants DiBella and/or John Does 6-10 either directed Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinate's violations.

5. Defendants DiBella and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Lacey Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to

discipline officers for such violations.

6.  By reason of the above Plaintiff was deprived of her constitutional rights, sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special  damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Paige E. Devlin demands judgment against Defendants Michael DiBella; Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court  deems proper and  just.

**COUNT FOUR**
**SECTION 1983 UNLAWFUL POLICY, CUSTOM, PRACTICE**
**INADEQUATE TRAINING**

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  Defendants Lacey Township, Lacey Township Chief of Police Michael DiBella and/or John Does 6-10 are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Lacey Township Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

3.  Defendants Di Bella and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff Paige E. Devlin was assaulted and arrested.

4.  At all times mentioned herein, Defendants Schaffer; Tsarnas; Slota, and/or John Does 1- 5, as police officers, agents, servants and/or employees of Defendant Lacey Township, were

acting under the direction and control of Defendants Lacey Township Police Department, Di Bella and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Lacey Township Police Department.

5.   Acting under color of law pursuant to official policy, practice, or custom, Defendants Lacey Township, Di Bella and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence;  (5) making false arrests, and/or (6) using unreasonable and excessive force.

6.   Acting under color of law pursuant to official policy, practice, or custom, Defendants Lacey Township, Di Bella and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Lacey Township, Di Bella and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7.   Defendants Lacey Township, Di Bella and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force

incidents in violation of Lacey Township Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8. Defendants Lacey Township, Di Bella and/or John Does 6-10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Schaffer; Tsarnas; Slota; John Does 1-10, and/or other Lacey Township Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

9. Despite their awareness, Defendants Lacey Township, Di Bella and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Schaffer; Tsarnas; Slota; John Does 1-10, and/or other Lacey Township Police Officers.

10. Defendants Lacey Township, Di Bella and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Di Bella; Schaffer; Tsarnas; Slota, and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants Lacey Township, Di Bella and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence,

and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12.  Defendants Lacey Township, Di Bella and/or John Does 6-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-10 heretofore described.

13.  As a direct and proximate cause of conduct of  Defendants set forth above, Plaintiff was  deprived of her constitutional rights; sustained  bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff Paige E. Devlin demands judgment against Defendants Lacey Township, Michael Di Bella and/or John Does 6-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

<u>**SUPPLEMENTAL STATE LAW CLAIMS**</u>

<u>**COUNT FIVE**</u>
<u>**VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)**</u>

1.  The  previous paragraphs are incorporated herein inclusively as if fully set forth.

2.  The excessive force used and failure to intervene by Defendants Schaffer; Tsarnas; Slota, and/or John Does 1-5, set forth at length above, deprived plaintiff of her substantive due process right to be free  from unlawful  seizure of her person and her fundamental right to liberty secured by the Constitution of the  United States and the Constitution of the State of New Jersey, in violation of <u>N.J.S.A.</u> 10:6-1, *et  seq.* ("The New Jersey Civil Rights Act").

3.  As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of her constitutional rights; sustained bodily injuries; medical expenses; lost wages; emotional distress, and will suffer additional special damages in the future in an amount which cannot yet be determined.

WHEREFORE, Plaintiff Paige E. Devlin demands judgment against Defendants Noah Schaffer; Dimitrios Tsarnas; Andrew Slota, and/or John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: April 13, 2020          */s/ Thomas J. Mallon, Esquire*
                               **THOMAS J. MALLON, ESQUIRE**